**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA AMERICAS HOLDINGS, INC., TAKEDA PHARMACEUTICALS U.S.A. INC., and TAKEDA DEVELOPMENT CENTER AMERICAS, INC., | CIVIL ACTION NO. 23-mc-111 |
| *Plaintiff,* | |
| v. | |
| CAREMARK RX, LLC, | |
| *Defendant.* | |

**PAPPERT, J.**                                        **September 22, 2023**

<u>**MEMORANDUM**</u>

Takeda is involved in two coordinated antitrust class actions in the Southern District of New York where it is accused of interfering with competitors' production of a generic version of ACTOS, a Takeda diabetes medication.  Caremark, which is not a party in that litigation, is a pharmacy benefit manager and CVS subsidiary.  Takeda served Caremark with a subpoena *duces tecum* in March of 2022, requiring Caremark to produce documents relevant to the pending class actions at the Philadelphia office of one of Takeda's then counsel.

Caremark neither complied with the subpoena, nor objected to it writing. Despite numerous efforts by Takeda to address Caremark's concerns with the subpoena's scope, Caremark ceased all communications designed to resolve the dispute. Out of options, Takeda moved to compel Caremark to comply with the subpoena, stating why its requests are relevant, proportional to its needs in the class actions and

do not impose an undue burden on Caremark.  Caremark did not respond to the motion on the merits.  It instead contends the Court lacks jurisdiction to decide Takeda's motion because Philadelphia, which is over 100 miles from where Caremark is headquartered and regularly transacts business, is not a properly designated place of compliance.  The Court has jurisdiction to decide Takeda's motion and now grants it.

I

In March of 2022, Takeda served a subpoena *duces tecum* on Caremark seeking information it believes will help it assess the relevant antitrust market in the putative class actions as well as whether the classes are properly defined and suffered antitrust injury.  (Mem. In. Supp. of Mot. To Compel, at 1, 3, ECF No. 2).

Caremark never objected to the subpoena in writing, (*id*. at 4), although it claims that Takeda's counsel agreed that Caremark's deadline for serving written objections was loosely continued, to be "reset" after meet and confer discussions.  (Opp. To Mot. To Compel, at 2 n.1, ECF No. 11).  Caremark initially showed interest in working with Takeda.  The two sides met and conferred, and Takeda offered to narrow the scope of the subpoena multiple times.  (Mem. In Supp. of Mot. To Compel, at 4–5).

Takeda made several efforts to continue the discussions, but Caremark went dark.  (*Id*. at 6–7).  After roughly six months of silence, Takeda filed this motion, prompting two meetings with Caremark where—for the first time in sixteen months—it raised its jurisdictional argument.  (Reply in Supp. of Mot. To Compel, at 1, ECF No. 14).  Caremark now claims the Court lacks authority to decide the motion because it was not filed "where compliance is required," namely, within 100 miles of where it is headquartered and regularly transacts business in Woonsocket, Rhode Island.  Takeda

believes Caremark waived its objection to Philadelphia as the place of compliance; alternatively, it asserts its motion was properly filed here because "where compliance is required" means the place designated on the subpoena.

II

Motions challenging subpoenas under Rule 45 of the Federal Rules of Civil Procedure must be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d). Courts differ on how that phrase is defined. *See, e.g., Ello v. Brinton*, No. 14-299, 2017 WL 56316, at *5 (N.D. Ind. Jan. 5, 2017) ("The authority defining the place of compliance is mixed."). Some hold that the place where compliance is required is the location identified on the subpoena, while others find that the place of compliance is dependent on where the recipient resides or works. *Compare CSS Inc. v. Herrington,* No. 17-71, 2017 WL 4750707, at *5–6 (N.D. Tex. Oct. 20, 2017) ("This Court takes the position that, for the purposes of a Rule 45(d)(2) or 45(d)(3) motion, the court or district 'where compliance is required' is determined by the location or 'place' for compliance identified on the subpoena as required by Rule 45(a)(1)(A)(iii)"), *with XTO Energy, Inc. v. ATD, LLC*, No. 14–1021, 2016 WL 1730171, at *20 (D. N.M. Apr. 1, 2016) (noting that "revised rule 45(d)(3) provides that motions to quash or enforce a subpoena can be brought in the district where compliance is required—i.e., the district in which the subpoena's recipient resides or works").

"Case law suggests that making the 'place of compliance' determination may vary based upon the type of motion filed and the facts available to the reviewing court." *HI. Q, Inc. v. ZeetoGroup, LLC,* No. 22-144, 2022 WL 17345784, at *7 (S.D. Cal. Nov. 29, 2022) (citing *Merch Consulting Grp., Inc. v. Beckpat, LLC*, No. 17-11405, 2018 WL

3

4510269, at *3 (D. Mass. July 11, 2018)).  Given this case's facts and history, the Court

has authority to decide Takeda's motion.  As the *Herrington* court said:

> [A] subpoena's listing place that violates Rule 45(c)'s requirements is a
> ground for quashing or modifying the subpoena.  *See* Fed. R. Civ P.
> 45(d)(3)(A)(ii).  But, consistent with this Court's understanding of how to
> determine the court or district "where compliance is required," a court in
> the district encompassing that improper place can properly make that
> ruling on a Rule 45(d)(3)(A)(ii) motion as the court for the district where
> compliance—whether properly or not—required on the face of the
> subpoena, and does so consistent with Rule 45's text and structure as well
> as the practical realities that courts presented with subpoena-related
> motions and applications face.
>
> After all, while "[a]lthough Rule 45(a)(1)(A)(iii) permits the subpoena to
> direct a place of compliance, that place must be selected under Rule 45(c),"
> Fed. R. Civ. P. 45(f), advisory committee notes (2013 amendments), the
> place of compliance is the one directed by the subpoena unless and until a
> court rules otherwise on a motion under Rule 45(d).  At the time of deciding
> where such a motion must be filed, then, the place named in the subpoena
> as required by Rule 45(a)(1)(A)(iii) is the place "where compliance is
> required."  This is so even if the subpoenaed non-party has objected based
> on Rule 45(c) to a subpoena's named place of compliance, because the
> determination that the subpoenaed non-party and not the subpoenaing
> party has the better of a Rule 45(c) dispute must await decision on a Rule
> 45(d)(2) or 45(d)(3) motion.

*Herrington*, 2017 WL 4750707, at *5–6.  It is wasteful and impractical to require "this

Court to first resolve the geographical limits issue under Rule 45(c) simply to decide if

it is the court with authority to decide a Rule 45(d)(2) or 45(d)(3) motion."  *See id.* ("It is

at the least impractical for a court to be required to formally decide if the nonparty or

the subpoenaing party wins a Rule 45(c) issue on a Rule 45(d) motion in order to

determine whether the court actually can decide which side prevails on the motion on

that or any other issue.").  Therefore, when a court must determine where the motion

must be filed, "the place named in the subpoena . . . is the place where compliance is

4

required." *Adams v. Symetra Life Ins. Co.*, No. 19-401, 2020 WL 489523, at *2 (Jan. 28, 2020).

To the extent Caremark disagrees with Philadelphia being the place of compliance, Rule 45(c) is the proper mechanism to challenge that issue. *See Woods ex rel. U.S. v. SouthernCare*, Inc., 303 F.R.D. 405, 407–08 (N.D. Ala. 2014) (stating Rule 45(c) "offers sufficient protection" from gamesmanship and forum shopping). There is nothing to indicate Caremark was concerned with the Court's jurisdiction until after Takeda filed its motion. While Caremark represents that it informally objected to the subpoena as being overly broad, vague, ambiguous, or unduly burdensome, (Opp. To Mot. To Compel. at 2, n.1), an alleged lack of jurisdiction appears absent from Caremark's arguments over the course of the last sixteen months.

And again, Caremark does not oppose Takeda's motion on its merits, leaving it largely uncontested. Caremark purports to have substantive arguments against the motion, but attempts to reserve them for a later time "if and when Takeda seeks an order in an appropriate venue, or in the event that this Court determines that it has the authority to decide the motion." (Opp. To Mot. To Compel. at 2, n.1). This is an appropriate venue, the Court has the authority to decide the motion, and the time for Caremark to make its arguments was before, not after, the Court did so.

An appropriate Order follows.

BY THE COURT:

5

_/s/ Gerald J. Pappert_

GERALD J. PAPPERT, J.